This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Daniel Brian Sees, appeals the decision of the Summit County Court of Common Pleas that designated him a sexual predator pursuant to R.C. 2950.09. This Court affirms.
 I.
{¶ 2} In February 1987, appellant was indicted by the Summit County Grand Jury on four counts: involuntary manslaughter, two counts of gross sexual imposition, and child endangering. The victim was the eighteen-month-old daughter of his girlfriend. While in appellant's care, the victim was sexually molested and physically abused. The victim was taken to Children's Hospital, in Akron, Ohio, where she later died. Upon arriving at Children's Hospital, the victim was examined. The victim sustained bruising to her body and was bleeding from her vagina and rectum. She also had a torn retina. In addition, the victim had the symptoms of shaken baby syndrome. In a statement given to police, appellant admitted to inserting his fingers into the victim's vagina and shaking her.
{¶ 3} Appellant pled guilty to all charges. Upon receipt of a recommendation from the Department of Rehabilitation and Correction, the trial court conducted a sexual offender classification hearing pursuant to R.C. 2950.09(C)(2). At the close of evidence, the trial court found the appellant to be a sexual predator. Appellant timely appealed setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 4} "THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT A SEXUAL PREDATOR BY RELYING UPON INSUFFICIENT EVIDENCE WHICH FAILED TO MEET THE STATUTORY CRITERIA AS CONTAINED IN ORC 2950.09."
{¶ 5} In appellant's first assignment of error, he argues that his classification as a sexual predator was not supported by clear and convincing evidence. This Court disagrees.
{¶ 6} In discussing the appropriate standard of review to be applied in sexual predator adjudications, this Court stated:
{¶ 7} "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is "some competent, credible evidence" to support the trial court's determination. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41 ("We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence." (Citations omitted.)); State v. Gibson, 4th Dist. No. 01 CA19, 2002-Ohio-5232, ¶ 9.
{¶ 8} "***
{¶ 9} "In sum, when applying the clearly erroneous standard of review to sexual predator adjudications, this Court must determine whether there exists some competent, credible evidence in the record that would clearly and convincingly support a conclusion that a defendant is likely to commit another sexual offense." State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6-¶ 10.
{¶ 10} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified a sexual predator (1) a person must be convicted of a sexually oriented offense and (2) the state must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E) and R.C. 2950.09(B)(4). In the case sub judice, appellant does not contend that he was not convicted of a sexually oriented offense. Rather, he argues that "there was a lack of clear and convincing evidence that Appellant was likely to commit a sexually oriented offense in the future, or that he met the statutory factors necessary to be labeled a sexual predator." Thus, appellant maintains that there was not clear and convincing evidence that he was likely to reoffend.
{¶ 11} In determining whether an offender is likely to commit another sexually oriented offense, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited, to:
{¶ 12} The offender's *** age;
{¶ 13} The offender's *** prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 14} The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
{¶ 15} Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
{¶ 16} Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 17} If the offender *** previously has been convicted of or pleaded guilty to, *** a criminal offense, whether the offender *** completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
{¶ 18} Any mental illness or mental disability of the offender ***;
{¶ 19} The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 20} Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
{¶ 21} Any additional behavioral characteristics that contribute to the offender's *** conduct.
{¶ 22} In this case, appellant contends that the trial court erred by adjudicating him a sexual predator. He bases this argument on the fact the trial court did not discuss each of the factors set forth in R.C.2950.09(B)(3) in its journal entry. The trial court was not required to list all of the factors contained in R.C. 2950.09(B)(3). State v.Eppinger (2001), 91 Ohio St.3d 158, 166. It is only obligated to consider all relevant factors and discuss those factors on the record. Id. After reviewing the record, this Court finds that there was more than competent credible evidence to support the trial court's determination that appellant will likely commit another sexually oriented offense in the future.
{¶ 23} During the sexual predator hearing, the trial court discussed the factors listed in R.C. 2950.09(B)(3) and the evidence from which it concluded that appellant was likely to commit one or more sexually oriented offenses. The trial court noted the age of the victim, see R.C. 2950.09(B)(3)(c), and the age of appellant at the time of the rape, see R.C. 2950.09(B)(3)(a). The victim was only eighteen months old when the then twenty-one-year-old appellant had sexual contact with her. The fact that appellant took advantage of a child is an appropriate factor to be considered in determining whether appellant is likely to commit another sexually oriented offense.
{¶ 24} Another factor the court applied in its analysis was the nature of appellant's sexual contact with the victim and his display of cruelty. See R.C. 2950.09(B)(3)(h) and (i). The evidence showed that the victim, when admitted into the hospital was at the point of death. She had injuries to different parts of her body and physical marks were all over her body. The testimony was that her hymen had been destroyed with lacerations throughout her vagina. Her rectum had extensive bruising, and fresh blood was found in her diaper.
{¶ 25} During the different assaults on the victim, appellant had shaken her on more than one occasion, which caused the child's retina to become detached. Ultimately, the child died as a result of the injuries inflicted upon her at the hands of appellant.
 III.
{¶ 26} Consequently, this Court is satisfied that the adjudication of appellant as a sexual predator was supported by competent, credible evidence. Therefore, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. and WHITMORE, J. CONCUR.